1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

GINA THORNE, an individual,

    Plaintiff,

   vs.

HCL AMERICA, INC., a California Corporation,

    Defendant.

Case No.:

**DECLARATION OF ADAM T. PANKRATZ IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL**

    I, Adam T. Pankratz, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury the following:

    1.    I am one of the attorneys for Defendant HCL America, Inc. ("Defendant"). I am knowledgeable about the facts set forth herein and make this Declaration in support of Defendant's Notice of Removal.

    2.    Attached to this Declaration as Exhibit 1 is a true and correct copy of Plaintiff's Complaint[1], which was filed with the Superior Court of the State of Washington County of King on February 14, 2017, and which was served on HCL America, Inc. or about March 1, 2017.

    3.    Attached to this Declaration as Exhibit 2 is a true and correct copy of the Notice of Service of Process concerning service of the Complaint on February 28, 2017.

---

[1] While Plaintiff filed a Complaint in King County Superior Court, and Defendant was served with said Complaint, no Summons was filed or served.

DECLARATION OF ADAM T. PANKRATZ
IN SUPPORT OF DEFENDANT'S NOTICE
OF REMOVAL - 1
(NO.      )

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
800 Fifth Avenue, Suite 4100, Seattle, WA 98104
Phone: 206.693.7057| Fax: 206.693.7058

4. Attached to this Declaration as Exhibit 3 is a true and correct copy of the King County Superior Court Case Information Sheet, which was obtained from the court's electronic filing system. Attached to this Declaration as Exhibit 4 is a true and correct copy of the Case Scheduling Order, which was filed in the state court action and served with the Complaint.

5. Exhibits 1 through 4 to this Declaration constitute all of the process, pleadings and orders either served upon Defendant or filed by any party in this action. Defendant has not entered or appeared or voluntarily invoked or submitted to the jurisdiction of the Superior Court of the State of Washington for the County of King in any manner.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.**

Dated: March 21, 2017.          **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By:   /s Adam T. Pankratz
         Adam T. Pankratz, WSBA No. 50951
         adam.pankratz@ogletree.com
         800 Fifth Avenue, Suite 4100
         Seattle, WA 98104
         Phone: 206.693.7053
         Fax: 206.693.7058

         Attorneys for Defendant HCL AMERICA, INC.

## CERTIFICATE OF SERVICE

1

2        I hereby certify that on the _____ day of March, 2017, I filed the foregoing document with

3  the Clerk of the Court via ECF and mailed a copy by U.S. mail to the following:

4

5        Alex J. Higgins
         Law Offices of Alex J. Higgins

6        2200 Sixth Avenue, Suite 835
         Seattle, WA  98121

7

8        ATTORNEYS FOR PLAINTIFF

9

10       _____

         Marissa Lock, Practice Assistant

11

12                                                                   28987455.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
800 Fifth Avenue, Suite 4100, Seattle, WA 98104
Phone:  206.693.7057| Fax: 206.693.7058

# Exhibit 1

FILED

17 FEB 14 PM 1:25

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-03581-5 SEA

1

2

3

4

5

6

7

8

9

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF KING

10

11

| | |
|---|---|
| GINA THORNE, an individual, | No. |
| Plaintiff, | |
| v. | COMPLAINT |
| HCL AMERICA, INC., a California corporation, | |
| Defendant. | |

12

13

14

15

16

17    COMES NOW the Plaintiff, GINA THORNE, by and through her attorneys, and alleges

18  as follows:

19                          **I.      PARTIES**

20      1.      Plaintiff is a resident of the State of Washington.

21      2.      Upon information and belief, Defendant HCL America, Inc. is a California

22  corporation doing business in King County, Washington.

23

24                **II.      JURISDICTION AND VENUE**

25      3.      This Court has jurisdiction over the subject matter of this complaint pursuant to

26

COMPLAINT - 1

1   RCW 4.28.185 (1)(a), (1)(b), and (1)(c) and pursuant to 42 U.S.C. § 2000, et. seq., including but

2   not limited to § 2000e-5.

3      4.      Venue is appropriate in King County pursuant to RCW 4.12.010 as the subject of

4   this action situated in King County.

5      5.      This Court has jurisdiction over Defendant as it does business in the State of

6   Washington and substantial portion of the events giving rise to this action arose in King County,

7   Washington.

8                              III.    FACTUAL BACKGROUND

9      6.      Plaintiff is a woman who was employed by Defendant as an Area Sales Director

10  from July 16, 2014 until her termination on November 4, 2016.

11     7.      Despite her numerous successes, Defendant regularly excluded Plaintiff from

12  business development opportunities, meetings, events and the like.  Defendant also refused to

13  calculate Plaintiff's bonus payment based on the criteria promised to her at the time she was

14  hired.

15     8.      Plaintiff reasonably believed that the above actions against her were motivated by

16  gender.

17     9.      Plaintiff formally registered her discrimination concerns in writing during her

18  performance review in August 2015, when she wrote: "I was excluded from meetings and social

19  events, even though my peers attended.  The management team did not provide an inclusive

20  environment."  On that same page, Plaintiff's manager, Nick Sarkisian, specifically wrote that he

21  agreed with her assessment of the situation.  Despite his agreement, the manager took no action

22  to investigate or remedy the discrimination Plaintiff was experiencing

23     10.     In October 2015, Plaintiff followed up in writing with Mr. Sarkisian about the

24  underpayment of her bonus, which was based on HCL's failure to include over $14,000,000 in

25  sales.  Neither Mr. Sarkisian nor anyone else at HCL responded or corrected the underpayment.

26     11.     On February 3, 2016, Plaintiff's skip-level manager, Manohar Suvarna, told Ms.

COMPLAINT - 2

1   Thorne that she needed to resign to avoid action that would be taken against her at the end of the

2   month. He further said it would be best for her to resign to ensure HCL would give her a good

3   reference. Mr. Suvarna asked that she contact Gushan Chawla in HR. She did so several times.

4   Instead of calling her back, Mr. Chawla contacted Plaintiff by email and directed her to engage

5   with an outside investigator, the Chugh Firm.

6        12.     Plaintiff ultimately spoke to Prasath Panneerselvam from HCL and provided him

7   with documentation of her discrimination concerns. Plaintiff emphasized the evidence that she

8   had raised evidence of discrimination in her 2015 performance evaluation. Mr. Pannerselvam

9   agreed to review that evidence in an email to Plaintiff dated April 22, 2016.

10        13.     After not hearing anything further from Mr. Panneerselvam, Plaintiff followed up

11   an email on May 10, 2016. Mr. Paneerselvam never followed up with Plaintiff and, upon

12   information and belief, did not investigate or take any action to remedy the discrimination and

13   retaliation.

14        14.     Instead of taking appropriate action to address her legitimate discrimination and

15   retaliation concerns, Defendant engaged in further retaliatory action. On May 12, 2015, Hitesh

16   Gulati removed Plaintiff from an invitation to a team dinner (after another manager had invited

17   her). In June 2016, Defendant denied Plaintiff's request to attend the Microsoft World Partner

18   Conference, which would have been very valuable in connecting with business partners such as

19   Brad Sommers who is the VP of Microsoft Practice for HCL and potential customers within

20   Microsoft.

21        15.     Next, Defendant changed Plaintiff's accounts and territory from the Seattle area to

22   the East Coast, which made it harder for Plaintiff to succeed.

23        16.     Next, Defendant issued an unjustified Performance Improvement Plan to Plaintiff.

24   In response, Plaintiff explained that the performance concerns were unwarranted and that they

25   PIP was a product of continued discrimination and retaliation.

26        17.     Plaintiff worked on an RFP, which was accepted by a customer in New York in

COMPLAINT - 3

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 835
Seattle, WA 98121
(206) 340-4856

early November 2016.  The customer asked for a meeting in New York very shortly thereafter. The meeting conflicted with a surgery Plaintiff had already scheduled for a chronic medical condition.  When she told Mr. Sarkisian, he said that she could participate via phone like some of the others on the team.  The next day, HCL fired Plaintiff on the pretext that her performance was lacking.

18.     After Plaintiff had notified her manager of her medical condition and need to miss work due to surgery, HCL failed to provide her with notice of her rights under the FMLA.

19.     Defendant ultimately fired Plaintiff in November 2016, on the pretext that her performance was lacking.

### IV.     FIRST CAUSE OF ACTION:

### TITLE VII GENDER DISCRIMINATION

20.     Plaintiff realleges and incorporates herein the above allegations.

21.     Defendant's above-described actions toward Plaintiff amounted to gender discrimination in the terms and conditions of her employment in violation of 42 U.S.C. § 2000e-3, et. seq.

22.     As a result and proximate cause of such conduct by the Defendants, Plaintiff has suffered injuries and damages including past and future economic loss, pain and suffering, emotional distress, loss in quality of life, and other general compensatory damages in an amount to be proven at trial.

23.     Because Defendant's conduct was intentional or committed in reckless disregard for Plaintiff's rights, Plaintiff is also entitled to punitive damages pursuant to 42 U.S.C. § 1981.

### V.     SECOND CAUSE OF ACTION:

### TITLE VII RETALIATION

24.     Plaintiff realleges and incorporates herein the above allegations.

25.     Defendant's above-described actions toward Plaintiff amounted to retaliation in

COMPLAINT - 4

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 835
Seattle, WA 98121
(206) 340-4856

the terms and conditions of her employment in violation of 42 U.S.C. § 2000, et. seq.

26.     As a result and proximate cause of such conduct by the Defendants, Plaintiff has suffered injuries and damages including past and future economic loss, pain and suffering, emotional distress, loss in quality of life, and other general compensatory damages in an amount to be proven at trial.

27.     Because Defendant's conduct was intentional or committed in reckless disregard for Plaintiff's rights, Plaintiff is also entitled to punitive damages pursuant to 42 U.S.C. § 1981.

## VI.     THIRD CAUSE OF ACTION:

## GENDER DISCRIMINATION UNDER THE WASHINGTON LAW AGAINST DISCRIMINATION ("WLAD")

28.     Plaintiff realleges and incorporates by reference the above allegations.

29.     Defendant violated WLAD when it discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender.

30.     Upon information and belief, Plaintiff's gender was a substantial factor in Defendant's adverse actions against Plaintiff in violation of RCW 49.60.

## VII.     FOURTH CAUSE OF ACTION:

## RETALIATION UNDER THE WASHINGTON LAW AGAINST DISCRIMINATION

31.     Plaintiff realleges and incorporates by reference the above allegations.

32.     Defendant's above-described actions toward Plaintiff, including but not limited to the termination of her employment, amounted to retaliation in violation of WLAD.

33.     Upon information and belief, Plaintiff's protected activities were a substantial factor in adverse employment actions taken against her in violation of RCW 49.60.

COMPLAINT - 5

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 835
Seattle, WA 98121
(206) 340-4856

### VII.   FIFTH CAUSE OF ACTION:

### DISABILITY DISCRIMINATION UNDER THE WASHINGTON LAW AGAINST DISCRIMINATION

34.     Plaintiff realleges and incorporates by reference the above allegations.

35.     Defendant's above-described actions toward Plaintiff amounted to disability discrimination in violation of WLAD.

36.     Plaintiff's medical condition and/or her need for reasonable accommodation was a substantial factor in Defendant's termination of Plaintiff's employment in violation of RCW 49.60.

### VII.   SIXTH CAUSE OF ACTION:

### FAMILY AND MEDICAL LEAVE ACT (FAILURE TO NOTIFY)

37.     Plaintiff realleges and incorporates by reference the above allegations.

38.     Upon information and belief, Defendant is engaged in an industry or activity that affects commerce and has employed 50 or more employees during the current or preceding calendar year.  Therefore, Defendant is an "employer" as defined under 29 U.S.C. § 2611(4).

39.     Plaintiff was employed by Defendant for more than 12 months with more than 1,250 hours of service during the year preceding her termination, and was therefore an "eligible employee" as defined under 29 U.S.C. § 2611(2).

40.     After Plaintiff had notified Defendant of her medical condition and need to miss work due to surgery, Defendant failed to provide her with notice of her rights under the FMLA, as required by 29 C.F.R. § 825.300(b)(1), (e).

COMPLAINT - 6

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 835
Seattle, WA 98121
(206) 340-4856

## VIII.   SEVENTH CAUSE OF ACTION:

## FAMILY AND MEDICAL LEAVE ACT (INTERFERENCE WITH RIGHTS)

41.     Plaintiff realleges and incorporates by reference the above allegations.

42.     Upon information and belief, Defendant is engaged in an industry or activity that affects commerce and has employed 50 or more employees during the current or preceding calendar year.  Therefore, Defendant is an "employer" as defined under 29 U.S.C. § 2611(4).

43.     Plaintiff was employed by Defendant for more than 12 months with more than 1,250 hours of service during the year preceding her termination, and was therefore an "eligible employee" as defined under 29 U.S.C. § 2611(2).

44.     Defendant denied Plaintiff of her ability to exercise her FMLA rights when it decided to terminate Plaintiff because of her need to take time off for an FMLA protected reason. Therefore, Defendant's actions constitute a prohibited act under the FMLA at 29 U.S.C. § 2615(a)(1).

## VII.   SEVENTH CAUSE OF ACTION:
## WRONGFUL WITHHOLDING OF WAGES

45.     Plaintiff realleges and incorporates by reference the above allegations.

46.     Defendant's above-described actions toward Plaintiff, including but not limited to its failure to pay bonuses as promised, constitute wrongful withholding of wages in violation of both RCW 49.48.010 and RCW 49.52.050.

47.     Plaintiff is entitled to an award of prejudgment interest, double damages, and attorneys' fees pursuant to these Washington wage statutes. See, e.g., RCW 49.52.070 (double damages).

COMPLAINT - 7

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.      Award and entry of judgment in favor of Plaintiff against Defendant, for actual damages, including past and future compensatory, economic and non-economic damages, general and emotional distress damages proximately caused by the wrongful conduct in violation of 42 U.S.C. § 2000, and Chapter 49.60 RCW, plus enhanced damages to offset taxation to make Plaintiff whole, plus pre-judgment interest on liquidated amounts, and costs, litigation expenses and reasonable attorneys' fees as allowed by law, including but not limited to 42 U.S.C. § 2000 and 42 U.S.C. § 1988, 29 U.S.C. § 2611, et. seq., RCW 49.60.030, RCW 49.48.010, et. seq., and RCW 49.52.050, et. seq..

B.      Award and entry of injunctive relief prohibiting Defendant from engaging in discriminatory and retaliatory practices and requiring Defendant to undertake training and other efforts to eradicate unlawful action in its workforce.

C.      For such other and further relief as the Court deems just and equitable.

DATED: this 14th day of February, 2017:

                                LAW OFFICES OF ALEX J. HIGGINS

                                By: _____
                                     Alex J. Higgins (WSBA #20868)
                                     Attorney for Plaintiff Gina Thorne

COMPLAINT - 8

# Exhibit 2



IN THE SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

| | |
|---|---|
| **GINA THORNE, AN INDIVIDUAL** | Cause No.:   **17-2-03581-5** |
| Plaintiff/Petitioner | Hearing Date: |
| vs. | |
| **HCL AMERICA, INC., A CALIFORNIA CORPORATION** | DECLARATION OF SERVICE OF **SUMMONS; COMPLAINT; CASE INFORMATION COVER SHEET AND AREA DESIGNATION; ORDER SETTING CIVIL CASE SCHEDULE** |
| Defendant/Respondent | |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **28th day of February, 2017** at **12:08 PM** at the address of **505 UNION AVE SE SUITE 120, OLYLMPIA, Thurston County, WA 98501**; this declarant served the above described documents upon **HCL AMERICA, INC.** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Jeff Miner, REGISTERED AGENT, PERSON AUTHORIZED TO ACCEPT, who accepted service, with identity confirmed by verbal communication, a white male approx. 35-45 years of age, 5'8"-5'10" tall, weighing 160-180 lbs with brown hair.**.
No information was provided or discovered that indicates that the subjects served are members of the United States military.

Service Fee Total: **$ 74.50**

Declarant hereby states under penalty of perjury under the laws of the State of Washington that the statement above is true and correct.

DATED _____3/5/17_____

**Scott Gogan, Reg. # 11-0127-04, Thurston County**

**ORIGINAL PROOF OF SERVICE**
PAGE 1 OF 1

For: Bean Law Group
Ref #: THORNE V HCL AMERICA INC

Tracking #: 0015815500



# Exhibit 3

FILED

17 FEB 14 PM 1:25

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-03581-5 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Gina Thorne | NO.  17-2-03581-5 SEA |
| VS | |
| HCL America, Inc. | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

CAUSE OF ACTION

**(TTO) -**       TORT, OTHER (MSC 2)

AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

# Exhibit 4

**FILED**

17 FEB 14 PM 1:25

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-03581-5 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Gina Thorne | NO.   17-2-03581-5 SEA |
| Plaintiff(s), | ORDER SETTING CIVIL CASE SCHEDULE |
| vs. | ASSIGNED JUDGE:  Erlick, John, Dept. 51 |
| HCL America, Inc. | |
| Respondent(s) | FILED DATE: 2/14/2017 |
| | TRIAL DATE: 2/12/2018 |
| | SCOMIS CODE:  *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

| | |
|---|---|
| PRINT NAME | SIGN NAME |

**I. NOTICES  (continued)**

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

 Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

 **ARBITRATION FILING<u>  AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk.</u>**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 2/14/2017 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 7/25/2017 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 7/25/2017 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 8/8/2017 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)] | 9/11/2017 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(k)] | 10/23/2017 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 11/6/2017 |
| | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 11/6/2017 |
| | **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)] | 12/26/2017 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 1/16/2018 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 1/22/2018 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 1/22/2018 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 1/29/2018 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 2/5/2018 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 2/5/2018 |
| | Trial Date [See KCLCR 40] | 2/12/2018 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.


DATED:   2/14/2017                                                                  

                                                     PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the

Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**